OPINION
PER CURIAM.
Jing Wang Jiang petitions for review of an order of the Board of Immigration Appeals (BIA). For the reasons below, we will deny the petition for review.
Jiang, a native of China, entered the United States in June 2006. He was charged as removable as an alien who entered without inspection. He conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He argued that his wife had been forced to undergo an abortion and had been forcibly sterilized pursuant to China’s family planning policies.
The IJ noted that Jiang was not automatically eligible for relief as the husband of a woman who had undergone a forcible abortion and sterilization. The IJ concluded that Jiang had not shown past persecution or a well-founded fear of future persecution. He observed that Jiang was afraid to return to China because he could not pay off those who smuggled him into the United States. As for Jiang’s CAT claim, the IJ determined that Jiang had not shown that he would be tortured if returned to China.
On appeal, the BIA agreed that Jiang could not base his own asylum claim on the forced abortion and sterilization of his wife. The BIA determined that the record contained no evidence of Jiang’s other resistance to China’s family planning policies and that Jiang had not alleged that he had been detained, arrested, or otherwise harmed on account of any resistance. The BIA also rejected Jiang’s claim for withholding and relief under the CAT. Jiang filed a timely petition for review.
We have jurisdiction pursuant to 8 U.S.C. § 1252. To establish eligibility for asylum, Jiang needed to demonstrate either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See Vente v. Gonzales, 415 F.3d 296, 300 (3d Cir.2005). For withholding of removal, he needed to demonstrate that it was more likely than not that his life would be threatened in China on account of these protected grounds. Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d Cir.2003); 8 U.S.C. § 1231(b)(3)(A).[1] We review the BIA’s factual determinations under the substantial evidence standard. Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir.2003)(en banc). The BIA’s findings are considered conclusive unless “any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B). We exercise de novo review over the BIA’s legal decisions. Toussaint v. Attorney General, 455 F.3d 409, 413 (3d Cir.2006).
*283 The spouses of those who have been persecuted by coercive population control policies are not automatically eligible for asylum. Lin-Zheng v. Attorney General, 557 F.3d 147 (3d Cir.2009) (en banc). Jiang recognizes this but still argues that his wife’s forced abortion, IUD insertion, and sterilization constitute past persecution for his asylum claim. These arguments, however, are foreclosed by our opinion in Lin-Zheng. A spouse is simply not entitled to asylum based on the separate persecution of his spouse.
Although spouses remain eligible for relief pursuant to 8 U.S.C. § 1101(a)(42) if they can establish their own persecution for resisting China’s coercive reproductive policy or a well-founded fear of future persecution for that resistance, Lin-Zheng, 557 F.3d at 157, the record does not compel such a finding in this case. Jiang argues that his attempts to father a second child, his wife’s removal of her IUD, and his wife’s evasion of family planning authorities constitute resistance to China’s family planning policy. However, even if these actions could constitute resistance, the only persecution Jiang contends he has suffered is the inability to have a son with his wife. However, that argument is based on his wife’s sterilization, which, as noted above, is not sufficient to establish Jiang’s eligibility for asylum. Jiang has not shown that the record compels a finding of past persecution or a well-founded fear of persecution based on his resistance to China’s family planning policy. Nor has he shown that his life would likely be threatened on that ground.
For the above reasons, we will deny the petition for review.

. Jiang does not challenge the denial of his CAT claim.